IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GARY MCKEITHAN,                        )
                                       )
                Plaintiff,             )
                                       )
        v.                             )    1:08CV374
                                       )
NOVANT HEALTH, INC.,                   )
                                       )
                Defendant.             )

**MEMORANDUM OPINION AND RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Plaintiff filed this action in Surry County Superior Court alleging violations of state and federal wage and hour laws. Defendant subsequently removed the case to this Court based on alleged violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq., and on the Court's supplemental jurisdiction over the state law claim. Defendant now contends that Plaintiff's claim under the North Carolina Wage and Hour Act ("NCWHA"), N.C.G.S. § 95-25.1, et seq., should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Defendant is a non-profit healthcare corporation. Plaintiff, a registered nurse, is employed by one of Defendant's subsidiaries as a member of a Critical Care Transport ("CCT") team. He routinely clocks in at 6:30 a.m. and clocks out at 7:30 p.m. on his assigned work days. According to Defendant's written policy, two 30-minute meal breaks are automatically deducted from his work hours, resulting in twelve paid hours per shift. Although

Plaintiff and other CCT members are not paid for their meal periods, they are required to carry a pager and telephone during those times and respond to any emergency within fifteen minutes if called.

In the present lawsuit, Plaintiff claims that Defendant violated the minimum wage and time requirements of both the FLSA and the NCWHA by requiring Plaintiff and similarly-situated employees to remain on call during unpaid meal breaks. Defendant argues for dismissal of Plaintiff's NCWHA claims in light of N.C.G.S. § 95-25.14(a)(1), which exempts certain employers from the Act's minimum wage and overtime requirements.

## **Discussion**

The standard for a motion to dismiss pursuant to Rule 12(b)(6) was recently set out in <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 & 304 (4th Cir. 2008), where the court stated:

> [W]e "take the facts in the light most favorable to the plaintiff," but "we need not accept the legal conclusions drawn from the facts," and "we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." <u>Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship</u>, 213 F.3d 175, 180 (4th Cir.2000); <u>see</u> <u>also</u> <u>Bass v. E.I. DuPont de Nemours & Co.</u>, 324 F.3d 761, 765 (4th Cir.2003). Additionally, the complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is <u>plausible</u> on its face." <u>Bell Atl. Corp. v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (emphasis added).
>
> . . .
>
> The conclusion that dismissal is appropriate comports with <u>Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), [when the pleadings do not disclose] "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. In <u>Twombly</u>, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds'

-2-

of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," id. at 1964-65, upheld the dismissal of a complaint where the plaintiffs did not "nudge [ ] their claims across the line from conceivable to plausible." Id. at 1974.

Here, Defendant contends that, because it is exempt from the NCWHA's minimum wage and overtime requirements, Plaintiff's state law claim should be dismissed. Section 95-25.14(a)(1) expressly provides that the Act's overtime requirements, among other provisions, do not apply to "[a]ny person employed in an enterprise engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act." Because both parties agree that Defendant is employed in such an enterprise, Defendant argues that Plaintiff's NCWHA claim is exclusively covered by the FLSA. See Spencer v. Hyde County, 959 F. Supp. 721, 727-28 (E.D.N.C. 1997)(dismissing claims for unpaid wages and overtime pay where N.C.G.S. § 95-25.14 exempted the employer in question).

While Plaintiff admits that Defendant is exempted from the provisions of the NCWHA relating to minimum wage and overtime pay with respect to the "on-call time," he attempts to avoid dismissal by stating in his brief that the claim is actually premised on N.C.G.S. § 95-25.6, although this is nowhere set out in the complaint. This section provides, in relevant part, that "[e]very employer shall pay every employee all wages and tips accruing to the employee on the regular payday." Thus, the pertinent question for purposes of Defendant's motion is whether Plaintiff has adequately pled that his state law claim arises from the

withholding of accrued wages under section 95-25.6, as opposed to non-payment for what amounts to disputed work time. Only the former can survive dismissal. See Whitehead v. Sparrow Enterprise, Inc., 167 N.C. App. 178, 183, 605 S.E.2d 234, 237 (2004) (§ 95.25.14(a)'s exemptions do not cover claims which address wage payment and withholding of wages under section 95-25.6).

As noted earlier, the complaint in this case does not explicitly invoke section 95-25.6. Instead, Plaintiff makes the following, very generalized assertions. He states that he "worked both regular hours and hours in excess of 40 hours in compliance with Novant's early arrival/late departure mealtime compensation policy because Plaintiff was on-call for Novant's benefit during his meals." (Compl. ¶ 44.)

In the state law claim, Plaintiff premises the cause of action on federal law stating that being on call during one's break is considered "working" because the employee is "engaged to wait." His federal claim is also based on his not having an unrestricted time for his meals. In both instances, the claim is whether the break time should be counted as work time. In other words, the claim is over "disputed work time." Nevertheless, plaintiff asserts that being "an 'engaged to wait' employee" (Pl.'s Br. at 3), constitutes a separate state law claim under section 95-25.6 and premises the assertion on Morales v. Showell Farms, Inc., 910 F. Supp. 244 (M.D.N.C. 1995). However, Morales is totally different from the instant case. Not only did that complaint specifically reference section 95-25.6 but, more importantly, there

the claim was that the plaintiff was forced to work "off the clock." That is, the issue there was not "disputed work time" as here, but the payment for the time worked. In contrast, here, Plaintiff worked "on the clock" in accordance with a written policy that did not compensate him for his break times. Thus, the issue here is disputed work time and whether the employer must pay employees, under the FLSA, for the conditional break time. Section 95-25.6 concerns payment for time worked and not "disputed work time." Queen v. RHA Health Servs., No. 1:00-CV-101, 2001 U.S. Dist. LEXIS 26118 (M.D.N.C. Jan. 22, 2001).

Plaintiff's reference to Defendant's compensation policy is particularly relevant to the matter at hand. The NCWHA provides that, "[f]or the purposes of G.S. 95-25.6 through G.S. 95- 25.13[,] "wage" includes sick pay, vacation pay, severance pay, commissions, bonuses, and other amounts promised when the employer has a policy or a practice of making such payments." N.C.G.S. § 95-25.2(16) (emphasis added). Yet, Plaintiff nowhere makes any claim that he was not paid wages which he was "promised," nor does he identify such wages. In addition, Defendant's written policy, set out as Exhibit B of the complaint, specifically precludes payment for designated mealtimes.[1] Thus, the so-called "withheld payments" Plaintiff now seeks to recover are not, in fact, accrued wages of

---

[1] Defendant's written policy regarding early arrival and late departure, enacted later in Plaintiff's employment and set out as Exhibit A of the complaint, simply clarifies the earlier mealtime policy while extending certain shifts. It provides that shifts consist of 13 hours, including 12 paid working hours and two 30-minute unpaid meal breaks.

-5-

the type that fall under the ambit of section 95-25.6.  Plaintiff is attempting to bootstrap his state law claims on the back of his federal claim in order to show he was due "accrued" wages.  This he may not do.  Because this is the only ground for relief Plaintiff asserts under state law, his NCWHA claim should be dismissed in its entirety.

**IT IS THEREFORE RECOMMENDED** that Defendant's motion to dismiss Plaintiff's state law claim under the North Carolina Wage and Hour Act set out in the First Claim for Relief (docket no. 9) be granted.

_____
**United States Magistrate Judge**

November 25, 2008